Julius KOLONITS, Petitioner,

v.

**RAILROAD RETIREMENT BOARD,**
Respondent.

No. 14820.

United States Court of Appeals
Seventh Circuit.

May 14, 1965.

Julius Kolonits, Brookfield, Ill., for petitioner.

Myles F. Gibbons, Gen. Counsel, David B. Schreiber, Assoc. Gen. Counsel, Railroad Retirement Bd., for respondent, Charles F. McLaughlin, Railroad Retirement Bd., Chicago, Ill., of counsel.

Before KILEY, SWYGERT and MAJOR, Circuit Judges.

SWYGERT, Circuit Judge.

Petitioner Julius Kolonits seeks review of a decision of the Railroad Retirement Board on his and his wife's claim for annuities under sections 2(a)1 and 2(e) of the Railroad Retirement Act, 45 U.S.C. § 228b(a)1 and § 228b(e). He contends that both the annuity he is receiving and the annuity his wife is receiving should be in larger amounts.

■ There is no dispute about the facts in this case. Moreover, petitioner does not contend that the Board's determination of amounts of the annuities was not in accord with the terms of the statute. Petitioner's sole contention is that the formulation of the act itself is unconstitutionally discriminatory. His argu-

ment centers on the application of the social security guaranty provisions of section 3(e) of the act, 45 U.S.C. § 228c(e). In his *pro se* brief petitioner says: "According to my conviction * * * in order to be just and equitable, the 10% increase should be applied in all cases— regardless whether one receives soc. security benefit or not—to the entire amount, what the individual would receive from the Social Security and in no case to the remainder thereof only, otherwise there is an unjust discrimination between those, who receive benefit from the railroad only and none from the soc. security (* * * that pays the 10% increase on the entire amount), and between those, who receive both railroad and soc. security benefits, so-called combined benefits (* * * which pays the 10% increase on the remainder thereof only)."

Section 3(e) of the Railroad Retirement Act, containing the social security guaranty provisions, requires that if an annuitant is entitled to benefits under the Social Security Act on the basis of employment covered by that act, the annuity under the Railroad Retirement Act shall be not less than 110 per cent of the additional amount that would be payable under the Social Security Act if the railroad service credits after 1936 on which annuities were based had been employment and wage credits under the Social Security Act. The provision is specific and unambiguous. It means that the 10 per cent increase must be calculated on the amount of the benefits that would be payable under the Social Security Act if the claimant's railroad service were treated as wage credits under the Social Security Act *after subtracting* the *actual* benefits payable under the Social Security Act.

Counsel for the Board concedes that the application of the social security guaranty provision of section 3(e) can produce an anomaly, that is, the total benefits that are payable on the basis of a claimant's wage credits under both the Social Security Act and the Railroad Retirement Act can be less than when the benefits are payable only under the guaranty provi-

sions of the Railroad Retirement Act. This anomaly, however, cannot alter the application of section 3(e) as it is written. Only legislative action by Congress not judicial correction, can eradicate the anomalous result.

The benefits which petitioner and his wife now receive have been granted by way of social legislation. These benefits are not contractual in nature and not the duty of the Government to bestow. Accordingly, the statutory provisions which qualify these payments cannot be said to be a deprivation of any constitutional right. Freeman v. R. R. Retirement Bd., 192 F.2d 51 (5th Cir. 1951) cert. denied, 343 U.S. 909, 72 S.Ct. 640, 96 L.Ed. 1326 (1952).

The Board's decision is affirmed.