Waldron V. RHINEHART, Petitioner,

v.

RAILROAD RETIREMENT BOARD of the United States of America, Respondent.

No. 17899.

United States Court of Appeals, Third Circuit.

Argued Jan. 20, 1970.

Decided March 16, 1970.

Rehearing Denied April 16, 1970.

Andrew J. Conner, Dunn, Wolford & Sesler, Erie, Pa., for petitioner.

Myles F. Gibbons, Gen. Counsel, Railroad Retirement Board, Chicago, Ill. (David B. Schreiber, Assoc. Gen. Counsel, Charles F. McLaughlin, David D. Lucci, Chicago, Ill., Railroad Retirement Board, of counsel, on the brief), for respondent.

Before FORMAN, SEITZ and ADAMS, Circuit Judges.

*OPINION OF THE COURT*

FORMAN, Circuit Judge.

■ This is an appeal by Waldron V. Rhinehart from a decision of the Railroad Retirement Board [Board] denying his petition for a supplemental annuity under the Railroad Retirement Act, 45 U.S.C.A. § 228c(j) (1) [Act].[1]

The appellant's normal retirement date would have been February 8, 1967, his 65th birthday. However, on February 1, 1966, his job as a wire operator in Erie, Pennsylvania was abolished by the New York Central Railroad. At that time he had three alternatives available to him in planning his future. They were: (1) accept another job in a relocated area on the Railroad, (2) resign, accept a separational allowance and apply for unemployment benefits, and (3) resign, accept a separational allowance and apply for an early retirement annuity as provided for in the Act. After ruling out alternative (1) as posing an inconvenient travel problem, he alleges that as a result of incorrect information conveyed to him by the Railroad and Union authorities concerning his eligibility for a life insurance policy, he chose alternative (3). His annuity became effective March 1, 1966.

On October 30, 1966, the following provision was added to the Act:

"An individual who is entitled to the payment of an annuity under section 228b of this title * * * and had a current connection with the railroad industry at the time such annuity began to accrue, shall be entitled to have a supplemental annuity accrue to him * * *."[2]

Section 3(a) of Public Law 89–699 states:

"The amendment made by section 1 (enacting subsection (j) of this section) of this title shall be effective with respect to individuals whose an-

---

1. The Board's decision is subject to review by this court under § 11 of the Railroad Retirement Act, 45 U.S.C.A. § 228k in conjunction with § 5(f) of the Railroad

Unemployment Insurance Act, 45 U.S. C.A. § 355(f).

2. 45 U.S.C.A. § 228c(j) (1) (1969 Supp.).

nuities under section 2 of the Railroad Retirement Act of 1937 are *first awarded on or after July 1, 1966, * * *."* [3] (Emphasis added.) The "first awarded" requirement in § 3(a) has only one exception which is inapplicable in the instant case.

In December 1966, two months after the enactment of the above two provisions, the appellant wrote to the Board's Division of Claims Operation requesting that the effective date of his annuity be changed from March 1, 1966 to February 1, 1967. Essentially, he asked to change from alternative (3) to alternative (2) and thereby receive his normal retirement annuity. He asked for this change because, meanwhile, he had discovered that the information given him concerning his eligibility for a life insurance policy was in error. This request was denied by the Division of Claims Operation and the appellant was informed of this decision by two letters sent to him in January and May of 1967. Appellant appealed and a referee was appointed to hear the case. The referee reversed and granted the appellant's request to change the effective date of his retirement from March 1, 1966 to February 1, 1967. The referee noted, however, that this did not thereby entitle him to the supplemental benefits. In April 1968, the Bureau of Retirement Claims denied appellant's claim for supplemental benefits. This was appealed to the Board's Appeals Council and it affirmed the Bureau's decision of July 22, 1968. Finally, on appeal to the Board it was again affirmed on September 12, 1968. It is from this decision that appellant appeals to this court.

In denying appellant's claim for supplemental benefits, the Board noted that the Act specifically provides that only those employees receiving their "first award" after July 1966, are entitled to these extra benefits. It was the Board's opinion that there was no room for interpretation concerning this prerequisite for the award of supplemental benefits. That appellant may have been misled in his initial decision was considered to be irrelevant. Since the appellant's first award was on March 1, 1966, it was held that he did not fit within the clear and explicit language of the Act. The change in his effective date of retirement as a result of the referee's decision was decided not to affect the fact that the annuity was first awarded prior to July 1966. The Board added that the Congressional history indicated that the words "first awarded" were incorporated in the Act in order that "an annuitant could not qualify for a supplemental annuity by withdrawing his application on which an award had been made before July 1966 in order to have an award made after that time."[4]

On this appeal, it is essentially the appellant's contention that the Board's decision to construe the words "first awarded" in a narrow fashion and thereby deny to him the supplemental benefits, was without a basis in the Act or in the legislative history. He asserts that the cancellation of his 1966 award had the effect of making his 1967 award the first award, thereby bringing him within the terms of the Act. He further argues that the amendment to the Act providing for these benefits was intended for a special class of employees of which he is a part.[5] He adds that there is no evidence tending to show that he changed his effective date only to receive the benefits. Finally, he states

---

3. 45 U.S.C.A. § 228c, p. 208 (1969 Supp.).

4. Appeal of Waldon V. Rhinehart, R.R.B. No. A–713–12–2009, Claims Appeal Docket No. 1307 reproduced in Appendix pp. 3–6.

5. The legislative history indicates that the supplemental benefits were intended in part to provide an increase in annuities to those annuitants who were not beneficiaries of the 7 percent increase in benefits granted by legislation in 1965. United States Code Congressional and Administrative News, 3576–78 (89th Cong., 2d Sess. 1966). The appellee states that the appellant is receiving such increased benefits. Appellee's brief, p. 20.

that since the words "first awarded" are not defined by the Act his interpretation is as reasonable as that of the Board's. It is noteworthy, however, that the appellant cites no authority in support of any of his arguments.

▮ Initially, a decision of the Board cannot be upset if it has warrant in the record and a reasonable basis in the law.[6] If this criteria is satisfied, the administrative decision must be upheld. Here, it is admitted that the appellant's first award was made prior to July 1, 1966, the initial date for awarding supplemental benefits under the Act. The question of whether his March 1966 award is the "first award" within the meaning of the Act is a matter of interpretation and we find the Board's interpretation a reasonable one. The Act is specific and it only allows one exception to the requirement that the annuity must have been granted after July 1966, and this exception is inapplicable here. Moreover, the legislative history supports the Board's decision that the term "first awarded" was specifically intended to prevent annuitants from changing their dates of retirement so as to fall within the provisions of the Act.[7]

After examining the appellant's contentions we cannot say that the Board's decision was unreasonable or without a basis in law. Accordingly, the petition of Waldron V. Rhinehart to reverse the decision of the Railroad Retirement Board of September 12, 1968 will be dismissed.

SEITZ, Circuit Judge, dissenting.

Appellant's job was abolished on February 1, 1966. Since he did not desire to move, he had two alternatives: (1) to resign, accept a separation allowance and apply for unemployment benefits, or (2) resign, accept a separation allowance and apply for an early retirement annuity under the Act. It is not disputed that had he chosen to follow the first alternative, he would have become eligible for the supplemental annuity. The appellant elected the second rather than the first alternative. However, as the referee indicated in appellant's appeal from the adverse decision of the Division of Claims Operation, he did so only because Railroad and Union officials[1] erroneously advised him that he would not be eligible for a life insurance policy if he chose the first alternative.[2] But for the mistake, appellant would have made his annuity application at age 65 and received the supplemental annuity as a matter of course.

The Board stated, and the majority apparently agree, that the mistake was irrelevant. Their conclusion is based on the clear language of the Act. Granting that the language of that Act is clear, it does not follow that the material mistake here involved was rendered irrelevant. One of the purposes of the legal doctrine of mistake is to permit a finding that despite appearances there was no agreement in fact. To apply the mistake doctrine to this case is not to deny that the supplemental annuity should go only to those whose original annuity was "first awarded" after July 1, 1966. Rather, it

6. *See, e. g.,* National Labor Relations Board v. Hearst Publications, 322 U.S. 111, 131, 64 S.Ct. 851, 88 L.Ed. 1170 (1944) ; Brotherhood of Railroad Train. v. Railroad Retirement Bd., 410 F.2d 353, 357 (3 Cir. 1969). *See also* Railroad Retirement Act, 45 U.S.C.A. § 228k in conjunction with Railroad Unemployment Insurance Act, 45 U.S.C.A. § 355(f).

7. United States Code Congressional and Administrative News, *supra,* p. 3584.

1. It is important to note that while we are dealing with an Act of Congress the fact is that its content was the result of collective bargaining between the railroads and the unions and the railroads finance the payment of the annuities. U.S.Code Congressional and Admin.News, pp. 3596 & 3589 (89th Cong., 2d Sess. 1966).

2. I think that on this record it must be assumed that appellant's election was based on a material mistake.

is to recognize that because of a material mistake, in legal reality there was no award prior to July 1, 1966.

It is true that the legislative history shows that the words "first awarded" were employed to prevent an annuitant from withdrawing his application on which an award had been made before July 1966, in order to obtain a later award and thus become entitled to the supplemental annuity. But appellant's application was based on a material mistake having nothing to do with the supplemental annuity legislation. His desire to be relieved of that mistake does not bring his case within the ambit of those sought to be excluded by that legislation.

Since we are concerned with a case of mistake personal to appellant and since he would otherwise have been entitled to the supplemental annuity, this is not a case where the granting of relief would impair the temporal limits of the Act. I would reverse the Board and remand so that it could apply the proper legal principle in determining this case.