**Vivian E. CARLOUGH, Plaintiff, Appellant,**

v.

**Elliott Lee RICHARDSON, as Secretary of Health, Education and Welfare, Defendant, Appellee.**

**No. 30983.**

United States Court of Appeals,
Fifth Circuit.

June 14, 1971.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

Thomas G. Spicer, Miami, Fla., Norman B. Smith, North Miami, Fla., for plaintiff, appellant.

Robert W. Rust, U. S. Atty., Miami, Fla., Erwin N. Griswold, Sol. Gen., Dept. of Justice, Robert V. Zener, Judith S. Seplowitz, L. Patrick Gray, III, Asst. Attys. Gen., Dept. of Justice, Washington, D. C., for defendant, appellee.

Before COLEMAN, GOLDBERG, and SIMPSON, Circuit Judges.

PER CURIAM:

The appellant, Vivian E. Carlough, sought judgment that § 203(f) (3) of the Social Security Act, 42 U.S.C., § 403(f) (3), providing for the deduction of earned income from old age benefits otherwise payable under the Act, is unconstitutional.

The suit was first submitted to a three Judge District Court, which held that no substantial constitutional issue was presented, ordered itself dissolved, and remanded to a single District Judge. Carlough v. Finch, 309 F.Supp. 1025 (S. D., Fla., 1969). Upon appeal the Supreme Court vacated and remanded in order that a timely appeal might be taken to the Court of Appeals, Carlough v. Richardson, 399 U.S. 920, 90 S.Ct. 2243, 26 L.Ed.2d 786 (1970), rehearing denied, 400 U.S. 855, 91 S.Ct. 26, 27 L.Ed. 2d 93. On August 14, 1970, the three Judge District Court vacated its order of February 10, 1970, and entered a new order. On August 17, 1970, the individual District Judge dismissed the complaint.

The constitutionality of § 203(f) (3) was considered and sustained by a three Judge District Court for the District of Massachusetts in Gainville v. Richardson, 319 F.Supp. 16 (1970).

Upon consideration of the briefs and oral arguments of the parties in this Court we find ourselves to be in agreement with the reasoning and results set forth in *Gainville,* supra.

We, therefore, hold that § 203(f) (3) of the Social Security Act is constitutional and that this litigation raised no substantial constitutional issue.

Affirmed.