**James H. SMITH, Plaintiff-Appellant,**

v.

**D. M. SMITH, Director of Retirement Claims, Defendant-Appellee.**

No. 72–1206

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 9, 1972.

James H. Smith, pro se.

James R. Gough, Asst. U. S. Atty., Houston, Tex., Anthony J. P. Farris, U. S. Atty., Charles B. Wolfe, Asst. U. S. Atty., for defendant-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

This appeal is from the dismissal of appellant's complaint for lack of jurisdiction to review actions of the Railroad Retirement Board. D. M. Smith, the named appellee, is Director of the Bureau of Retirement Claims, the adjudicatory arm of the Railroad Retirement Board (the Board).

The complaint alleges that appellant is presently entitled to the annuity provided by 45 U.S.C. § 228b(a) (5) to persons who are qualified within the meaning of 45 U.S.C. § 228a and who have completed ten years of service within the meaning of the Act and whose permanent mental or physical condition is such that they are unable to engage in any regular employment. The Board regulations pertaining to a claim for annuity benefits based on 45 U.S.C. § 228b(a) (5) are set out in 20 C.F.R. § 208.

---

* ▪ Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York et al., 5 Cir., 1970, 431 F. 2d 409.

■ But whether appellant's alleged physical condition meets the criteria provided by the Board is not a matter which is justiciable in the United States District Courts under the terms of 45 U.S.C. § 228k.[1]  § 228k is the judicial review provision of the Railroad Retirement Act, and incorporates by reference the judicial review provisions of the Railroad Unemployment Insurance Act, 45 U.S.C. § 355. Rhinehart v. Railroad Retirement Board, 423 F.2d 522 (3rd Cir. 1970). The Act provides:

"Any claimant, or any railway labor organization organized in accordance with the provisions of the Railway Labor Act, of which claimant is a member, or any other party aggrieved by a final decision under subsection (c) of this section, may, only after all administrative remedies within the Board will have been availed of and exhausted, obtain a review of any final decision of the Board by filing a petition for review within ninety days after the mailing of notice of such decision to the claimant or other party, or within such further time as the Board may allow, in the United States court of appeals for the circuit in which the claimant or other party resides or will have had his principal place of business or principal executive office, or in the United States Court of Appeals for the Seventh Circuit or in the United States Court of Appeals for the District of Columbia." 45 U.S.C. § 355(f).

The district court's dismissal of appellant's claim for annuity benefits was entirely proper under the above quoted statute.

■ Taking the instant appeal as an application for review by the United States Court of Appeals for the circuit in which the claimant resides, it is apparent that more than one year has passed since the mailing of notice of the Board's decision denying him benefits. To the extent that the appellant claims his medical condition has changed since the Board's action, it is apparent that he has failed to exhaust his administrative remedies of presenting his claim to the Board.

The judgment appealed is affirmed.

---

1. "Decisions of the Board determining the rights or liabilities of any person under sections 228a to 228c–1, 228e–228h, 228i–228p, 228r, and 228s of this title shall be subject to judicial review in the same manner, subject to the same limitations, and all provisions of law shall apply in the same manner as though the decision were a determination of corresponding rights or liabilities under chapter 11 of this title except that the time within which proceedings for the review of a decision with respect to an annuity, pension, or lump-sum benefit may be commenced shall be one year after the decision will have been entered upon the records of the Board and communicated to the claimant."