**Catherine SHISSLAK and Edward J. Shisslak, etc., Plaintiffs-Appellants,**

v.

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant-Appellee.**

No. 71-2060.

United States Court of Appeals, Ninth Circuit.

July 25, 1972.

Peter D. Eisner, (argued), Michael Addis, Legal Aid Society of Pima County Bar Assn., Tucson, Ariz., for plaintiffs-appellants.

Michael Kimmel, Atty. (argued), Katheryn H. Baldwin, Atty., L. Patrick Gray, III, Asst. Atty. Gen., Washington, D. C., Richard K. Burke, U. S. Atty., Tucson, Ariz., for defendant-appellee.

Before ELY and CHOY, Circuit Judges, and KELLEHER, District Judge.*

PER CURIAM:

This appeal is from the District Court's order dismissing plaintiffs' complaint which seeks to challenge the constitutionality and enjoin enforcement of section 204(a) and (b) of the Social Security Act, 42 U.S.C. § 404(a) and (b). Under these provisions of the Act the Secretary of Health, Education and Welfare is authorized, without prior notice or hearing, to recoup from any beneficiary overpayments of insurance benefits paid to such beneficiary or to any beneficiary under the account of the same deceased wage earner. In this case plaintiffs' deceased father was a wage earner under the Act.

Plaintiffs complained of recoupments of overpayments taken from their respective accounts. The District Court dismissed the complaint and denied plaintiffs' motion to convene a three-judge panel under 28 U.S.C. §§ 2282, 2284, because of plaintiffs' failure to exhaust their administrative remedies under the Act and the regulations promulgated thereunder, which failure the District Court held demonstrated the absence of a substantial federal question.

Subsequent to the entry of the District Court's order dismissing the complaint, the Secretary prescribed new and modified procedures to be followed by local district offices of the Social Security Administration in seeking to recoup overpayments of benefits; also, there was repaid to plaintiffs $1,338.70 of the recoupments, leaving but $133.70 thereof in dispute.

In light of these developments and in accordance with Richardson v. Wright, 405 U.S. 208, 92 S.Ct. 788, 31 L.Ed.2d 151 (1972), we believe it appropriate to withhold judicial action on the sum still in dispute pending reprocessing under the new procedures. If that administrative process results in a determination favorable to plaintiffs, it will be unnecessary to consider their constitutional claim. In addition, it may be that the constitutional infirmities complained of have been rendered moot. We cannot here and on this record determine that question, nor do we deem it here for our determination.

Accordingly, we reverse the order of dismissal entered in the District Court and remand to that Court, with direction that an order be entered there returning the matter to the Secretary for such further administrative proceedings there as may be undertaken by either or any party. The District Court by its order shall retain jurisdiction to entertain such further proceedings, if any, including the possible convening of a three-judge court, as may be necessary and proper upon completion of such administrative proceedings.

* Honorable Robert J. Kelleher, United States District Judge, Central District of California, sitting by designation.