508 F.2d 979
 Kathleen M. FINNERTY, Individually and on behalf of all
other persons similarly situated, Plaintiff-Appellant,
v.
James L. COWEN, Individually and as Chairman of the Railroad
Retirement Board, and Caspar Weinberger,
Individually and as Secretary of Health,
Education, and Welfare,
Defendants-Appellees.
 No. 78, Docket 74-1668.
 United States Court of Appeals, Second Circuit.
 Argued Oct. 18, 1974.
Decided Dec. 16, 1974.
 
 Jonathan A. Weiss, New York City (Toby Golick, Legal Services for the Elderly Poor, Jamaica, N.Y., Ellen Zweibel and Rolf N. Olsen, Jr., Lwa Students, New York City, Michael Lynch, Albany, N.Y., on the brief), for plaintiff-appellant.
 William J. Dreyer, Asst. U.S. Atty. (James M. Sullivan, Jr., U.S. Atty. for the Northern District of New York, on the brief), for defendants-appellees.
 Before DANAHER,* FEINBERG and MULLIGAN, Circuit Judges.
 FEINBERG, Circuit Judge:
 
 
 1
 Plaintiff Kathleen M. Finnerty, an elderly widow, receives benefits under both the Social Security and Railroad Retirement Acts. Both acts provide for a reduction of benefits when a recipient has certain types of income in excess of an amount fixed by Congress. After both the Social Security Administration and the Railroad Retirement Board reduced plaintiff's benefits for this reason, she brought suit in the United States District Court for the Northern District of New York, challenging the constitutionality of the reductions.[1] Chief Judge James T. Foley dismissed her complaint for failure to exhaust administrative remedies and for lack of subject matter jurisdiction. For reasons set forth below, we reverse and remand the proceeding to the district court.
 
 
 2
 * In 1960, when she reached the age of 62, Mre. Finnerty was of found entitled to retirement insurance benefits of $42.40 a month under the Social Security Act. By 1970, this had been increased to $82.70 a month. In 1966, Mrs. Finnerty's husband, a retired New York Central employee, died, and she was awarded a widow's insurance annuity of $63.40 a month under the Railroad Retirement Act. That rate was increased at various times so that in 1970 Mrs. Finnerty was entitled to $75.35 a month and in 1972, $82.85 a month. Benefits under the two Acts are coordinated, according to appellant, so that each month appellant receives no more than her maximum entitlement had she been eligible under only one Act.[2]
 
 
 3
 Not surprisingly, Mrs. Finnerty has found it necessary from time to time to supplement her income with part-time jobs. In 1970, she received from such work more than the $1,680 the Social Security Act then permitted a recipient to earn annually, while continuing to receive full benefits. Under provisions of that Act, 42 U.S.C. 403, 404, the Social Security Administration thereafter required appellant to repay one half of her 'excess earnings' for the month in which her earnings exceeded the permissible amount.[3] In June 1972, the Railroad Retirement Board, referring to information received from the Social Security Administration, also took action because of the excess earnings in 1970. By letter dated June 1, 1972, the Board notified Mrs. Finnerty that she had been overpaid for the year 1970 and that to recoup the excess her railroad annuity would be withheld, effective immediately, for two months. See 45 U.S.C. 228i(a). Appellant apparently admits that she received advice that she could appeal the overpayment determination. The June 1, 1972 letter did not, however, advise appellant that she might be eligible for waiver of recoupment under the statute and relevant Board regulations or that the regulations provided for other, less drastic methods of repayment. Mrs. Finnerty took no administrative appeal.
 
 
 4
 In December 1973, appellant commenced the action now before us against Caspar Weinberger, Secretary of Health, Education, and Welfare, and James L. Cowen, Chairman of the Railroad Retirement Board. Appellant alleged that the procedure under which the Board recouped the alleged overpayment denied her due process and violated the relevant statute and regulations[4] because she received no prior notice or opportunity for a hearing or advice as to the right to apply for waiver of recoupment or chance to do so. The other principal claim in the complaint was that the 'double deduction' from appellant's benefits was improper. Both the Railroad Retirement and Social Security Acts require that one half of excess employment earnings be remitted. The amount forfeited is identical under both programs; the Railroad Retirement Act in 45 U.S.C. 228e(i)(1)(ii) merely incorporates by reference a section of the Social Security Act, 42 U.S.C. 403(f). According to appellant, beneficiaries situated as she is thus lose all their excess employment earnings, although they receive no greater benefits than persons entitled to benefits under only one program. The latter forfeit only half those earnings. Appellant claimed that this unconstitutionally discriminates against persons eligible for benefits under both programs.[5]
 
 
 5
 As already noted, chief Judge Foley dismissed the complaint on the grounds of failure to exhaust administrative remedies and lack of subject matter jurisdiction. This appeal followed.
 
 II
 
 6
 Addressing ourselves first to the exhaustion requirement, there is no doubt that a recipient of benefits under the Railroad Retirement Act must ordinarily utilize administrative appeals before coming to federal court to contest the merits of an administrative determination.[6] Appellant argues, however, that this is not the usual case. Her principal attack is on the procedures used by the Railroad Retirement Board. Thus, appellant points out, she received no notice, hearing or advice as to waiver before suspension of benefits in June 1972. Nor did the Board inquire whether she then had sufficient funds to meet her current daily needs; whether she was waiting for her June check to pay rent and medical bills, or to purchase medicine and food; or whether it would be less of a hardship for her to repay any overpayments actually established gradually over the next few months. According to appellant, the administrative process within the Railroad Retirement Board could not resolve whether these administrative procedures violated the Constitution or the relevant statute and regulations. Similarly, the agency itself could not declare unconstitutional those portions of the Railroad Retirement and Social Security Acts that allegedly discriminate against persons in Mrs. Finnerty's class. Thus, appellant argues, she was not required to pursue any administrative remedies.
 
 
 7
 We believe that appellant is correct. Federal agencies like the Board 'have neither the power nor the competence to pass on the constitutionality of administrative or legislative action,' Murray v. Vaughn,300 F.Supp. 688, 695 (D.R.I.1969), citing Oestereich v. Selective Service Bd., 393 U.S. 233, 242, 89 S.Ct. 414, 393 U.S. 233 (1968) (Harlan, J., concurring), since the agency is not called upon to determine facts or to apply its expertise.[7] Indeed, appellees seem to concede this general proposition but argue that the doctrine of exhaustion should apply here because there were 'at least two unresolved issues of fact and law central to the appellant's complaint.'[8] The first is that 'due to appellant's own failure to file a statement of earnings,' the Board was never given a chance to consider that recoupment only for the overpayment in March 1970 was appropriate.[9] The other is that there might have been a substantial issue of statutory construction, on which agency expertise would be useful, involving plaintiff's claim that the interrelationship of the Social Security and Railroad Retirement Acts unconstitutionally deprived her of benefits.[10] Neither argument justifies dismissal of plaintiff's complaint to allow exhaustion. Even if the first contention is true, there was still some recoupment, which plaintiff says was effected by illegal procedures. The second argument deals only with plaintiff's claim of a worsened position because she was obtaining benefits under both statutes. More importantly, appellees do not indicate on what issues agency expertise would be valuable in evaluating this claim.
 
 
 8
 Appellees also rely principally on two recent decisions, involving constitutional challenges to sections of the Social Security Act, which required exhaustion of administrative remedies: Bartley v. Finch, 311 F.Supp. 876 (E.D.Ky.1970), aff'd as to judgment of constitutionality, 404 U.S. 980, 92 S.Ct. 442, 30 l.Ed.2d 364 (1971); and Shisslak v. Richardson, 1A CCH Unemployment Ins.Rep. P16,238 (D.Ariz.1971). In Bartley, however, there was no discussion of the futility of exhaustion on constitutional claims. As to Shisslak, in view of the later reversal of that decision, 462 F.2d 1370 (9th Cir. 1972), we doubt that it now clearly supports the proposition for which it is cited. In any event, we agree with other recent opinions dispensing with the exhaustion requirement in situations where the very administrative procedure under attack is the one which the agency says must be exhausted. See McKart v. United States, supra; Martinez v. Richardson, 472 F.2d 1121, 1125 (10th Cir. 1973); Marsh v. County School Bd., 305 F.2d 94 (4th Cir. 1962); Francois v. Bushell, 325 F.Supp. 531, 533 (N.D.Cal.1971). Accordingly, we hold that it was error to dismiss the complaint in this case on the ground that plaintiff failed to exhaust her administrative remedy.
 
 III
 
 9
 Turning next to the question of jurisdiction, the district judge considered and rejected plaintiff's allegation that 'six separate statutes' provided a proper jurisdictional basis.[11] More sensibly, in this court appellant presses only three-- 28 U.S.C. 1337 (commerce clause), 28 U.S.C. 1361 (mandamus), and 28 U.S.C. 1331 (federal question). Since we agree that the first provides the necessary jurisdiction, there is no need to consider the others, although we note that 28 U.S.C. 1361 has been held applicable in analogous cases under the Social Security Act. Martinez v. Richardson, supra, 472 F.2d at 1125-1126; Mattern v. Weinberger, 377 F.Supp. 906, 914 (E.D.Pa.1974); Elliott v. Weinberger, 371 F.Supp. 960, 967-968 (D.Hawaii 1974); cf. Langevin v. Chenango Court, Inc., 447 F.2d 296, 300 (2d Cir. 1971).
 
 28 U.S.C. 1337 provides that:
 
 10
 The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies.
 
 
 11
 In Murphy v. Colonial Federal Savings and Loan Ass'n, 388 F.2d 609 (2d Cir. 1967), we held that, while originally only actions arising under the Interstate Commerce Act were intended to be granted jurisdiction under section 1337, through the years the provision had been construed to cover actions arising under 'all acts whose constitutional basis is the commerce clause,' and that 'to found jurisdiction upon 1337, it is not requisite that the commerce clause be the exclusive source of Federal power; it suffices that it be a significant one.' Id. at 614-615. This 'constitutional basis' test of section 1337 applicability was accepted by Judge McGowan, writing for the three-judge court in Moreno v. United States Dep't of Agriculture, 345 F.Supp. 310, 312-313 (D.D.C.1972), aff'd, 413 U.S. 528, 93 S.Ct. 2821, 37 L.Ed.2d 782 (1973). Cf. Sosa v. Fite, 465 F.2d 1227, 1229 (5th Cir. 1972); Imm v. Union R.R., 289 F.2d 858, 860 (3d Cir.), cert. denied, 368 U.S. 833, 82 S.Ct. 55, 7 L.Ed.2d 35 (1961). See further, C. Wright, Law of Federal Courts (2d ed. 1970), at 109, and cases cited in note 33.
 
 
 12
 According to its title, the purpose of the Railroad Retirement Act was 'To establish a retirement system for employees of carriers subject to the Interstate Commerce Act.' Ch. 382, 50 Stat. 307 (1937), ch. 812, 49 Stat. 967 (1935). It is reasonably clear that a significant constitutional source of congressional power to enact the Railroad Retirement Act is the commerce clause. See California v. Anglim, 129 F.2d 455, 459-460 (9th Cir.), cert. denied, 317 U.S. 669, 63 S.Ct. 74, 87 L.Ed. 537 (1942); cf. Felter v. Southern Pacific Co., 359 U.S. 326, 329, 79 S.Ct. 847, 3 L.Ed.2d 854 (1959). This court has held that section 1337 jurisdiction does not lie in constitutional challenges to the Social Security Act. Aguayo v. Richardson, 473 F.2d 1090, 1101 (2d Cir. 1973), cert. denied, 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 101 (1974); Almenares v. Wyman, 453 F.2d 1075, 1082 n. 9 (2d Cir. 1971), cert. denied, 405 U.S. 944, 92 S.Ct. 962, 30 L.Ed.2d 815 (1972). These holdings are distinguishable, however, because the constitutional basis of the Social Security Act is not the commerce clause, but rather the general welfare clause. Helvering v. Davis, 301 U.S. 619, 640, 57 S.Ct. 904, 81 L.Ed. 1307 (1937); ch. 531, 49 Stat. 620 (1935).
 
 
 13
 Since section 1337 imposes no jurisdictional amount requirement, the fact that only a relatively small sum of money is at issue does not bar Mrs. Finnerty's suit raising questions eminently federal in character.[12] Thus, the district court had jurisdiction over this action under section 1337 and the rule of Murphy v. Colonial Federal, supra, at least as to the challenges to the procedures used by the Railroad Retirement Board to recoup overpayments and the equal protection claims against the Railroad Retirement Act. Once the district court had jurisdiction over these causes of action, it also had pendent jurisdiction to decide the claim, arising out of the same set of facts, that the double deduction from benefits caused by the joint operation of the Social Security and Railroad Retirement Acts is unconstitutional. United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Cf. Hagans v. Lavine, 415 U.S. 528, 543-550, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974).
 
 
 14
 Finally, the Government argues that section 1337 jurisdiction is precluded by the specific review provisions of the Railroad Retirement Act, which require that an appeal from the Board the taken in the appropriate United States court of appeals. See note 6 supra. While this would preclude a suit in a federal district court to review an administrative decision of the Board in a particular case, for reasons already given we do not think this scheme of statutory review bars a claim which the administrative agency cannot properly decide. The Government also suggests that the absence of a substantial federal question precludes section 1337 jurisdiction. As will be seen below, we believe that the complaint contains sufficiently substantial claims to withstand a motion to dismiss for lack of jurisdiction.
 
 
 15
 In sum, we conclude that the district court erred in dismissing the complaint for lack of jurisdiction.
 
 IV
 
 16
 In view of the foregoing, the case must be remanded to the district court, and we think it appropriate to offer guidance on other issues which the judge must now consider. The amended complaint in essence attacks four aspects of the Railroad Retirement Act. The first is the recoupment procedure, and we have called this part of plaintiff's case the 'due process claim.' The remaining three aspects of the Act, all allegedly denying plaintiff the equal protection of the laws, are the interrelationship with the Social Security Act, resulting in an alleged 'double deduction'; the limitation on earned income as compared to unearned income; and the exemption from such limitation only for those over 72.
 
 
 17
 Because of this mixture of theories, plaintiff's request to convene a three-judge court raises difficult procedural problems. The essence of her due process claim is that she should have received notice and a hearing prior to recoupment by the Railroad Retirement Board and a chance to furnish factual material to the Board before a decision was made on various relevant issues, e.g., whether plaintiff was 'without fault,' and whether recoupment 'would be contrary to the purpose of . . . the Act or . . . against equity or good conscience,'[13] because, for example, plaintiff was 'dependent upon the current payment . . . for the necessities of life.'[14] Plaintiff's due process claim is a substantial one, worthy of careful consideration. See, e.g., Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); Martinez v. Richardson, supra; Mattern v. Weinberger, supra, 377 F.Supp. at 916-919; Frost v. Weinberger, 375 F.Supp. 1312, 1320-1326 (E.D.N.Y.1974); Elliott v. Weinberger, supra, 371 F.Supp. at 969-974; Note, Procedural Due Process and the Termination of Social Security Disability Benefits, 46 S.Cal.L.Rev. 1263 (1973).[15] Since the Railroad Retirement Act provides for recoupment without specifying exactly how this is to be done,[16] plaintiff's due process claim is, strictly speaking, an attack not on the statute but on the recoupment procedures devised by the Board. Our decision in Mills v. Richardson, 464 F.2d 995, 1000-1001 (2d Cir. 1972), indicates, therefore, that it is not necessary to convene a three-judge court to hear such a claim. Under Hagans v. Lavine, supra, 415 U.S. at 543-545, 94 S.Ct. 1372, 39 L.Ed.2d 577, it would be appropriate for the single district judge to decide the due process hearing claim separately.
 
 
 18
 Plaintiff's remaining three assaults on the Railroad Retirement Act are based upon the unconstitutionality of the statute itself and would, if 'substantial' enough, warrant the convening of a three-judge court. In Hagans v. Lavine, supra, 415 U.S. at 536-543, 94 S.Ct. 1372, the latest decision giving plenary consideration to the substantiality problem in this context, the Court stressed again that a fairly low standard applies. A three-judge court must be convened unless the claim is 'wholly insubstantial,' 'obviously without merit,' or if 'its unsoundness so clearly results from the previous decisions of (the Supreme Court) as to foreclose the subject.' Id. at 537-538, 94 S.Ct. at 1379; Goosby v. Osser, 409 U.S. 512, 518, 33 S.Ct. 854, 35 L.Ed.2d 36 (1973). Of course, the district court would also be bound in the same way by applicable decisions of this court. Nieves v. Oswald, 477 F.2d 1109, 1112 (2d Cor. 1973).
 
 
 19
 Applying the standards enunciated by the Supreme Court, we hold that the district court erred in dismissing as insubstantial the claim that the double deduction from plaintiff's benefits resulting from the interrelationship of the Social Security and Railroad Retirement Acts denied her the equal protection of the laws. While we indicate no view as to the merits of this claim, it is not so obviously without merit as to be insubstantial. It is at least arguable that the claimed double deduction is highly unjust. Nor is the claim completely foreclosed by any applicable appellate decision. The district court analyzed many cases in the portion of its opinion dealing with substantiality, but even the one most nearly on point, Richardson v. Belcher,404 U.S. 78, 92 S.Ct. 254, 30 L.Ed.2d 231 (1971), hardly forecloses plaintiff's claim.[17]
 
 
 20
 Appellant's remaining two claims are clearly less persuasive. See Gainville v. Richardson, 319 F.Supp. 16 (D.Mass.1970) (Wyzanski, J.);[18] Carlough v. Richardson, 445 F.2d 864 (5th Cir. 1971), cert. denied, 404 U.S. 1026, 92 S.Ct. 696, 30 L.Ed.2d 676 (1972). Whether they also present sufficiently substantial constitutional issues to require a three-judge court is one of those nice questions engendered by the three-judge court statutes. We assume that plaintiff is more interested in bringing this lawsuit to a successful conclusion than in lifelong litigation on subtle procedural issues, and we not that all of the problems posed by the possible need for a three-judge court could be avoided if plaintiff on remand simply withdraws her prayer for injunctive relief. Rosario v. Rockefeller, 458 F.2d 649, 651-652 n. 2 (2d Cir. 1972), aff'd, 410 U.S. 752, 93 S.Ct. 1245, 36 L.Ed.2d 1 (1973);[19] Nieves v. Oswald, supra, 477 F.2d at 1115-1116 and 498 F.2d 802, 803 (2d Cir. 1974); National Org. for Women v. Goodman, 374 F.Supp. 247, 248 n. 1 (S.D.N.Y.1974) (Gurfein, J.). The district court could then decide all the issues before it on the merits and the losing party would be entitled to appeal to this court. Moreover, plaintiff is not now in pressing need of injunctive relief since the allegedly illegal and discriminatory recoupment has already taken place. Finally, it appears that a declaratory judgment would sufficiently protect plaintiff.[20]
 
 
 21
 Accordingly, the judgment of the district court is reversed and the case is remanded for further proceedings consistent with this opinion.
 
 
 
 *
 Of the United States Court of Appeals for the District of Columbia Circuit, sitting by designation
 
 
 [1]
 Plaintiff also requested that her suit be designated as a class action and that a three-judge court be convened
 
 
 [2]
 As will be seen below, see note 10, this assertion is of doubtful validity
 
 
 [3]
 Although Mrs. Finnerty earned in excess of the monthly limit (then $140) in six different months, all but one were after she became 72 in May 1970, exempting her from the earnings limitation. Therefore, a deduction of $73 was imposed only for March 1970
 
 
 [4]
 Citing 45 U.S.C. 228i, 20 C.F.R. 255.4-.14
 
 
 [5]
 Appellant also alleged that the exemptions from the earnings limitation granted to persons over 72 years old, and for unearned income, were irrational and denied equal protection of the laws in violation of the fifth amendment
 
 
 [6]
 45 U.S.C. 228k, 355(f); Smith v. Smith, 459 F.2d 1027 (5th Cir. 1972); Hoffman v. Dodd, 331 F.Supp. 393 (N.D.Ill.1971)
 
 
 [7]
 McKart v. United States, 395 U.S. 185, 193-195, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969); Williams v. Richardson, 347 F.Supp. 544, 548 (W.D.N.C.1972); cf. King v. Smith, 392 U.S. 309, 312 n. 4, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968); Wiesenfeld v. Secretary of H.E.W., 367 F.Supp. 981, 985 n. 7 (D.N.J.1973); Griffin v. Richardson, 346 F.Supp. 1226, 1230 (D.Md.), aff'd, 409 U.S. 1069, 93 S.Ct. 689, 34 L.Ed.2d 660 (1972)
 
 
 [8]
 Brief for appellees at 7
 
 
 [9]
 See note 3 supra as to the limited deduction made by the Social Security Administration. According to appellees' argument, the Railroad Retirement Board presumably would have limited its action in the same manner had it been fully advised of the facts
 
 
 [10]
 While plaintiff correctly characterizes benefits under the Social Security and Railroad Retirement Acts as 'coordinated,' see, e.g., 45 U.S.C. 228e(g)(1); 42 U.S.C. 402(l), her accompanying assertion-- that her total benefits under both acts together are no greater than she would receive under only one of them-- appears doubtful. See 45 U.S.C. 228c(e); 20 C.F.R. 225.6, 237.607; Kolonits v. Railroad Retirement Bd., 346 F.2d 367 (7th Cir. 1965); 1 CCH Unemployment Ins.Rep. P12,513. However, even though a claimant under both acts might receive up to 10% More benefits than a recipient of social security alone, this does not vitiate plaintiff's basic claim that the double deduction for excess earnings is illegal
 
 
 [11]
 These were: 5 U.S.C. 701-706 (Administrative Procedure Act); 28 U.S.C. 1331, 1337, 1346(a)(2) (Tucker Act), 1361; 42 U.S.C. 405(g) (review of Social Security administrative decisions)
 
 
 [12]
 As to whether the Government's contention that there is no possible jurisdictional basis for this action raises serious constitutional questions, see, e.g., Cortright v. Resor, 325 F.Supp. 797, 808-811 (E.D.N.Y.), rev'd on other grounds, 447 F.2d 245 (2d Cir. 1971), cert. denied, 405 U.S. 965, 92 S.Ct. 1172, 31 L.Ed.2d 240 (1972); H. Hart & H. Wechsler, The Federal Courts and the Federal System (2d ed. P. Bator, P. Mishkin, D. Shapiro & H. Wechsler 1973) 356-60, 1158-62. We need not consider this question, however, since here 1337 supports jurisdiction
 
 
 [13]
 45 U.S.C. 228i(c)
 
 
 [14]
 20 C.F.R. 225.12(d)
 
 
 [15]
 We do not consider the dictum in Kelly v. Wyman, 294 F.Supp. 893, 901 n. 20 (S.D.N.Y.1968), aff'd sub nom. Goldberg v. Kelly, supra, necessarily persuasive in this case. The Supreme Court did not rule on the question, and more importantly, the concept of procedural due process has evolved considerably in the six years since Kelly v. Wyman was decided in the district court
 
 
 [16]
 45 U.S.C. 228i
 
 
 [17]
 Belcher held that the equal protection mandate was not violated by a provision of the Social Security Act which required deductions from disability benefits to offset workmen's compensation payments, but did not require such deductions for other benefits such as private disability payments. Cf. Goosby v. Osser, supra, 409 U.S. at 518-522, 93 S.Ct. 854 (evaluation of substantiality by distinguishing allegedly similar prior decision)
 
 
 [18]
 In this case, a three-judge court was convened, which ruled against plaintiffs on the merits
 
 
 [19]
 On appeal, the Supreme Court described Rosario as an action for a declaratory judgment only, 410 U.S. at 756, 93 S.Ct. 1245, which may imply at least tacit approval of this procedural device
 
 
 [20]
 Moreover, it would appear that a declaratory judgment would, as a practical matter, protect the members of plaintiff's alleged class and make it unnecessary to consider further plaintiff's request that her suit be designated as a class action. In any event, on the very general allegations of this complaint regarding the need for a class action, we would not hold that Judge Foley erred in refusing to designate a class. Cf. Rule 11A, Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York