ABBOTT LABORATORIES, an Illinois Corporation, Plaintiff,

v.

Patricia R. HARRIS, Secretary of the Department of Health, Education and Welfare, et al., Defendants.

No. 79 C 3732.

United States District Court, N. D. Illinois, E. D.

Dec. 21, 1979.

Charles L. Morin, Richard O. Wood, George M. Burditt, Burditt & Calkins, Chicago, Ill., Richard W. Kasperson, North Chicago, Ill., Abbott Laboratories, for plaintiff.

Thomas P. Sullivan, U. S. Atty., Frederick H. Branding, Asst. U. S. Atty., Chicago, Ill., J. Patrick Glynn, Gerald C. Kell, Con-

sumer Affairs Section, Antitrust Division, U. S. Dept. of Justice, Washington, D. C., for defendants; Richard M. Cooper, Fletcher E. Campbell, Jr., Frederick H. Degnan, Food & Drug Administration, Rockville, Md., of counsel.

## MEMORANDUM AND ORDER

MORAN, District Judge.

Plaintiff Abbott Laboratories has brought suit against Patricia R. Harris, Secretary of the Department of Health, Education and Welfare, and Sherwin Gardner, Acting Commissioner of the Food and Drug Administration (hereinafter collectively sometimes referred to as "FDA"), complaining that FDA has failed to take final administrative action on plaintiff's cyclamate food additive petition filed December 18, 1973. Plaintiff in its complaint asks this court to take jurisdiction of the cyclamate administrative proceeding; enjoin defendants from acting further in that proceeding; and, on the basis of the existing record and additional evidence, approve plaintiff's cyclamate food additive petition. Plaintiff further seeks preliminary relief restraining defendants from continuing the administrative proceeding.

Having been served with notices for the deposition of five present and former FDA officials, defendants objected to that discovery, moved for a protective order staying discovery, and simultaneously moved for dismissal or, alternatively, for summary judgment as their response to plaintiff's motion for preliminary relief. Defendants' dispositive motions argue that plaintiff has failed to exhaust administrative remedies; that, if passage of time is the equivalent to denial, plaintiff should seek review by the Court of Appeals since by statute the jurisdiction of the Court of Appeals is "exclusive" (21 U.S.C. § 348(g)(2)); and that in any event, plaintiff is entitled to neither preliminary nor any relief because the actions of the FDA have been reasonable and proper.

The parties were thereafter unable to agree on whether or not any discovery should go forward pending disposition of other motions. Plaintiff thereupon sought, preliminarily, to proceed with depositions of the officials and former officials previously noticed but to limit the inquiry to the decisions made by FDA officials during the long course of the administrative proceedings respecting cyclamate, to whether or not statutorily unauthorized reasons were the bases for denials and delays, and to whether or not the alleged delays occurred. Contending that much of that inquiry improperly intrudes into an administrative agency's continuing decisional process, the defendants have adhered to their objections.

This court concludes that plaintiff may properly inquire within the limits suggested, for the reasons hereinafter explained, and accordingly, defendants' objections to discovery and their motion for a protective order are, to that extent, denied. For the same reasons, defendants' motion to dismiss is denied.

■ Defendants contend that the issues raised by the cyclamate food additive petition are within the ambit of agency discretion and expertise and that Congress has so determined, that there has been no final agency action, and that any inquiry into the internal administrative decision making process, whether or not there has been finality, is presumptively unwarranted. And, presumptively, the court agrees.

The questions before this court, however, do not arise in the context of final agency action upon an established administrative record developed during a proceeding expeditiously concluded. It is undisputed that the administrative process has gone on for six years without an order from which plaintiff could seek judicial review. It is of this that plaintiff complains.

■ Statutory review in the Court of Appeals would have followed as a matter of course if a final order had been entered upon a full administrative record. That such is the expectable experience does not, however, forever foreclose the intervention of the courts when long administrative delay occasions irreparable harm to the person

seeking judicial relief. See L. Jaffee, *Judicial Control of Administrative Action* (1965) p. 418. Even where review is by statute exclusively the province of the Court of Appeals administrative inaction has led to judicial relief in the district courts, with jurisdiction grounded on the Administrative Procedure Act. *Deering Milliken, Inc. v. Johnston*, 295 F.2d 856 (4th Cir. 1961). Other courts have based jurisdiction in similar circumstances upon 28 U.S.C. § 1337, since the challenge is to federal administrative action or inaction sought to be justified by federal law, and, therefore, arises under an Act of Congress regulating commerce. *Empresa Hondurena de Vapores v. McLeod*, 300 F.2d 222 (2d Cir. 1962), *aff'd as to jurisdictional issue sub nom. McCulloch v. Sociedad Nacional de Marenera de Honduras*, 372 U.S. 10, 83 S.Ct. 671, 9 L.Ed.2d 547 (1963). Accord: *Finnerty v. Cowen*, 508 F.2d 979 (2d Cir. 1974). In other contexts relief has been granted by mandamus, by equating inaction with finality or on the basis of the statute which is the source of agency authority. *See, e. g. North American Van Lines, Inc. v. Interstate Commerce Commission*, 386 F.Supp. 665 (N.D.Ind. 1974); *Environmental Defense Fund, Inc. v. Hardin*, 138 U.S.App.D.C. 391, 428 F.2d 1093 (D.C.Cir. 1970); *Blankenship v. Secretary of HEW*, 587 F.2d 329 (6th Cir. 1978); Note, *Judicial Acceleration of the Administrative Process: The Right to Relief from Unduly Protracted Proceedings*, 72 Yale L.J. 574 (1963).

■ A history of the faltering progress of this administrative proceeding would unduly lengthen this memorandum. After many submissions, conferences, rulings and studies, plaintiff requested on November 3, 1976, a hearing before an administrative law judge. That hearing was finally concluded over a year later and briefs were submitted on January 23, 1978. On September 29, 1978, the administrative law judge ruled adversely to petitioner and the matter went to the FDA Commissioner for final decision. There the matter remained until June 26, 1979, when the Commissioner remanded the case for further evidence. The proceeding remains at that stage.

Plaintiff's claim that its petition is being studied into oblivion has sufficient merit so as to persuade this court that it has jurisdiction to determine whether or not plaintiff's rights are being denied by administrative delay. "This case requires the court to consider under what circumstances there may be a judicial remedy for the failure of an administrative agency to act promptly, and what form that remedy may take." *Environmental Defense Fund, Inc. v. Hardin, supra*, 138 U.S.App.D.C. at 393, 428 F.2d at 1095.

■ I am mindful that judicial intervention into interlocutory agency action should not be lightly undertaken. Further, Abbott's claim that this court should effectively oust the FDA of jurisdiction is unique. FDA is presumed to have the expertise and is entrusted with the responsibility of evaluating the "complex chemical and pharmacological considerations" necessarily involved in ruling upon the petition. *Weinberger v. Bentex Pharmaceuticals, Inc.*, 412 U.S. 645, 654, 93 S.Ct. 2488, 37 L.Ed.2d 235 (1975). The FDA has, at least intermittently, devoted a great deal of attention to those questions and it is statutorily mandated to decide. This court could be persuaded to make its own determination of the substantive questions presented by the administrative petition only with the utmost reluctance and for the most compelling reasons. It does, however, have jurisdiction to determine whether to act and in what manner, and the reasons for the administrative delay are relevant to a decision on those issues.

That leads, inevitably, to the discovery dispute pending before this court.

■ FDA vigorously objects to any discovery prior to disposition of its motions to dismiss and for summary judgment. The first motion is denied. Discovery prior to ruling on the summary judgment motion is permissible for the reasons stated above.

FDA goes on to contest the scope of the discovery sought, contending that where an adequate administrative record exists discovery is not permitted into the mental

processes of administrative decision makers, citing *Camp v. Pitts*, 411 U.S. 138, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973); *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1972) and other cases.

Plaintiff argues circumstances which, it contends, establish that, or at least call into question whether or not, non-statutory factors have been decisive in the long delay. Those circumstances include representations by the then Commissioner in 1975, the opinion of a prior FDA Commissioner and a reported recommendation by the Bureau of Foods in 1976. Succinctly, Abbott contends that cyclamate properly used poses no safety hazards, that technical people within FDA have long so recognized, but that the Commissioner has failed to allow its sale in the marketplace because of the possible political repercussions.

■ Going back at least to the *Morgan* cases, see *United States v. Morgan*, 304 U.S. 1, 18, 58 S.Ct. 999, 82 L.Ed. 1129 (1938) and 313 U.S. 409, 422, 61 S.Ct. 999, 85 L.Ed. 1429 (1941), it has been settled law that, when an administrative agency makes a considered decision upon a full administrative record, it is not the function of a court to probe the mental processes of the decision maker. If the bases of the decision are not wholly clear, the normal course open to a reviewing court is to remand to the agency for further enlightenment, *Camp v. Pitts*, 411 U.S. 138, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973). The judicial flirtation and subsequent disenchantment with the concept of compelling after-the-fact explanations are well described in *National Nutritional Foods Assoc. v. Food and Drug Administration*, 491 F.2d 1141 (2d Cir.), *cert. denied* 419 U.S. 874, 95 S.Ct. 135, 42 L.Ed.2d 113 (1974).

■ The presumption of administrative regularity, however, is seriously weakened when there have been no formal findings. It cannot survive a strong showing of bad faith or improper behavior. In those instances, limited discovery into the administrative process may well be warranted. *Citizens to Preserve Overton Park, Inc. v.*

*Volpe*, 401 U.S. 402, 420, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). To conclude otherwise would be an abandonment of any meaningful judicial protection against arbitrary administrative action. The complex of factors which lead a court to conclude that discovery is warranted cannot be generalized. It is necessarily an ad hoc judgment in which the judicial reluctance to intrude into the decisional process of the agency having special competence is overborne by the conclusion that the process may well have gone awry.

■ Discovery is warranted here. There are no formal conclusive findings even after six years. While the events upon which plaintiff bases its desire for discovery were interrupted by formal hearing before an administrative law judge, the matter was thereafter returned to the Commissioner. That was well over a year ago. FDA now contends in this action that consideration of public opinion in acting—or not acting—on the cyclamate petition is not only justifiable but desirable.

■ The court strongly disagrees. Congress did not commit to FDA the issues raised by the petition for a policy determination governed by the demands of competing constituencies. Rather, it left to the agency the evaluation of "complex chemical and pharmacological considerations" in accordance with technical standards established by statute. In view of the extended delay, plaintiff's supported contentions that non-technical factors have led to that delay and FDA's surprising assertion that consideration of such factors is desirable, the court believes there has been a sufficient "demonstration of impropriety" *KFC National Management Corp. v. N.L.R.B.*, 497 F.2d 298, 305 (2d Cir. 1974), *cert. denied* 423 U.S. 1087, 96 S.Ct. 879, 47 L.Ed.2d 98 (1976), "more than a colorable claim of procedural irregularity" *Singer Sewing Machine Co. v. NLRB*, 329 F.2d 200, 207 (4th Cir. 1964). The resolution of those issues, which are relevant to the question of what this court should do, if anything, is through the discovery proposed by plaintiff. Accordingly, that discovery is allowed.