621 F.2d 1030
 Donn C. SHANNON, on behalf of himself and all others
similarly situated, Plaintiff-Appellee,
v.
UNITED STATES CIVIL SERVICE COMMISSION; Robert E. Hampton;
Jayne B. Spain; and L. J. Andolsek, as
Commissioners of Civil Service,
Defendants-Appellants.
 No. 78-1933.
 United States Court of Appeals,
Ninth Circuit.
 June 25, 1980.
 
 William G. Kanter, Alice Daniel, Washington, D. C., G. William Hunter, San Francisco, Cal., on brief; Linda M. Cole (on brief), Dept. of Justice, Washington, D. C., for defendants-appellants.
 Gill Deford, National Senior Citizens Law Center, Los Angeles, Cal., on brief, for plaintiff-appellee.
 Appeal from the United States District Court for the Northern District of California.
 Before ANDERSON and TANG, Circuit Judges, and MURRAY,* Senior District Judge.
 PER CURIAM:
 
 
 1
 Shannon, plaintiff-appellee, challenged the constitutionality of procedures by which the defendant-appellant, the United States Civil Service Commission recovered erroneous payments through offset against annuity payments to recipients. The district court, in Shannon v. United States Civil Service Commission, 444 F.Supp. 354 (N.D.Cal.1977), granted a permanent injunction enjoining defendants from recouping overpayments from Civil Service annuitants without a prior hearing in two types of cases. First, where the recipient requests reconsideration and such a request raises significant questions of credibility and veracity. Second, where the recipient requests that the defendants waive their right to recoupment, pursuant to 5 U.S.C. § 8346(b). The district court found a constitutional right to hearings in both types of cases, and did not consider whether there was any statutory basis for such hearings.
 
 
 2
 In Califano v. Yamasaki, 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979), the Supreme Court dealt with the question of entitlement to prerecoupment hearings under 42 U.S.C. § 404 of the Social Security Act, a statutory scheme very much like that under the Civil Service Retirement Act, 5 U.S.C. §§ 8331-8348, with regard to recoupment of overpayments. That decision controls the disposition of this appeal.
 
 
 3
 The court in Yamasaki held that neither the statute, 42 U.S.C. § 404(a), nor due process requires prior oral hearings in reconsideration cases, for they involve "relatively straightforward matters of computation for which written review is ordinarily an adequate means to correct prior mistakes." 442 U.S. at 696, 99 S.Ct. at 2555. The same is true in reconsideration cases under the Civil Service Retirement Act. We therefore reverse that portion of the district court's decision requiring hearings in reconsideration cases.
 
 
 4
 With regard to waiver cases under 5 U.S.C. § 8346(b), we hold that the statute itself requires that an oral hearing be held prior to the commencement of recoupment procedures. The Supreme Court in Califano v. Yamasaki, 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979), so held on the basis of the language of 42 U.S.C. § 404(b), which is virtually identical to 5 U.S.C. § 8346(b).
 
 
 5
 It is a fundamental principle that a court, presented with both statutory and constitutional grounds to support the relief requested, usually should pass on the statutory claim before considering the constitutional question. New York City Transit Authority v. Beazer, 440 U.S. 568, 582-583, and n. 22, 99 S.Ct. 1355, 1363-1364, and n. 22 (1979), cited in Califano v. Yamasaki, supra, 442 U.S. at 692, 99 S.Ct. at 2553. Thus, while we affirm the district court's decision requiring prerecoupment hearings when waiver of the claimed indebtedness is requested under 5 U.S.C. § 8346(b), we base our holding squarely on the statute itself and need not consider whether the Constitution requires such hearings.
 
 
 6
 The judgment of the district court is affirmed in part and reversed in part.
 
 
 
 *
 The Honorable W. D. Murray, Senior United States District Judge for the District of Montana, sitting by designation