Wilhelmina POPE, et al., Appellants,

v.

**RAILROAD RETIREMENT BOARD,**
**et al.**

Edwin THRASH, et al., Appellants,

v.

**RAILROAD RETIREMENT BOARD,**
**et al.**

Nos. 80–2458, 80–2464.

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 22, 1981.
Decided March 12, 1982.

Gill Deford, Los Angeles, Cal., with whom Burton D. Fretz and Toby S. Edelman, Washington, D. C., were on the brief for appellants. Edward C. King, Washington, D. C., also entered an appearance for appellants.

Kenneth M. Raisler, Asst. U. S. Atty., Washington, D. C., with whom Charles F. C. Ruff, U. S. Atty., Washington, D. C., at the time the briefs were filed, and Royce Lamberth, Asst. U. S. Atty., Washington, D. C., were on the brief for appellees.

Before MacKINNON and GINSBURG, Circuit Judges, and PHILIP NICHOLS, Jr.,* Judge, United States Court of Claims.

Opinion for the Court filed by Judge NICHOLS.

Opinion dissenting in part filed by Circuit Judge GINSBURG.

NICHOLS, Judge:

This consolidated case comes before the court on appeal from an order of the district court denying plaintiffs-appellants' motions for preliminary injunction and class certification. Appellants are annuitants who received alleged overpayments from the defendants-appellees Railroad Retirement Board (board) and who have had their monthly benefits reduced to recover these alleged overpayments. Appellants brought suit alleging that the board had denied them their statutory and constitutional rights by failing to notify them of available procedures to contest the overpayment determinations. Appellants also asserted that the available procedures were inadequate and sought an order certifying the class as a class action. Proceedings were stayed pending decision in *Califano v. Yamasaki*, 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979). Because the board had, during the course of the present litigation, amended its regulations and now substantially complies with the notice and hearing requirements mandated by the Supreme Court in *Yamasaki*, the district court denied appellants' motion for class certification and preliminary injunction. The district court further held that requiring retroactive notice to the members of the proposed class would be too burdensome and, therefore, only prospective notice would be required.

We disagree. For the following reasons we reverse and remand with instructions that the proposed class, as defined by this court, be certified and defendant be required to give retroactive notice to the class.

I

Appellants are currently receiving annuities established and funded in accordance with the Railroad Retirement Act of 1974 (the Act) 45 U.S.C. § 231 *et seq.*, and its predecessor, the Railroad Retirement Act of 1937, 45 U.S.C. § 228a *et seq.* The Act provides for payment of annuities to individuals who have satisfied work-related requirements in the railroad industry as well as to certain of their dependents and survivors. The payments are financed by contributions to a Railroad Retirement Account by both employers and employees. These benefits combine qualities of an insurance program, like the Social Security system, and of a private pension plan. *See generally Hisquierdo v. Hisquierdo*, 439 U.S. 572, 573–75, 99 S.Ct. 802, 804–05, 59 L.Ed.2d 1 (1979). Counsel state that the account would bear the cost of any notice procedures that may ensue in this litigation.

The board is the agency charged with administering the Act, 45 U.S.C. § 231f, and is empowered to recover any overpayments, 45 U.S.C. § 231i. Section 231i also provides that recovery of an overpayment may be waived if the payment of excess monies was not due to any fault of the individual and, in the judgment of the board, "recovery would be contrary to the purpose of [the Act] or would be against equity or good conscience."

At the time the named appellants received notice of overpayment and the board's intention to recover same, the board had no established procedures for notifying annuitants of their rights to contest the collection of these monies. Thus, the notice of overpayment merely included a statement of the amount of overpayment and gave the annuitants three options for repaying the debt—immediate repayment of the entire debt, withholding of all annuity payments until the debt was satisfied, or actuarial adjustment resulting in reduced monthly payments for the rest of the annuitant's life. Although some of the annuitants were informed of their right to request a waiver, none were informed of their

* Judge Philip Nichols, Jr., of the United States Court of Claims, sitting by designation.

right to appeal the board's decision on overpayment through the administrative process, 20 C.F.R. §§ 260.2, 260.3 (1977) and, ultimately, to a court of appeals, 45 U.S.C. § 231g. Indeed, at the time the annuitants were notified of the overpayment, no right existed to an oral hearing before recovery of the overpayment was commenced, so far as regulations or court decisions were concerned.

Two days before the annuitants filed suit on December 21, 1977, the Bureau of Retirement Claims (BRC) issued Policy Decision No. 13 which dealt with the subject of informing overpaid annuitants of the statutory conditions for waiver. This policy decision was fully implemented by procedures promulgated on April 5, 1978. In accordance with these procedures, future overpayment notice letters were to include a statement informing the annuitant that he/she had 30 days in which to contest the existence of an erroneous overpayment, i.e., entitlement, or to request a waiver of recovery. The notice further provided that in the event the annuitant disagreed with the board's decision, an appeal could be taken within one year from the date of the original overpayment notice letter. The procedures, but not the notice sent to the annuitants, provided that no recovery would begin until a decision was made except where the amount of the erroneous payment was small and it appeared from information available to the board that recovery by reducing the amount of one month's check would not be harmful to the annuitant.

On November 14, 1978, the board again adopted new regulations which were not fully implemented until March 19, 1979. These new regulations required that certain annuitants from whom recovery was sought were to be notified of their right to seek entitlement reconsideration and/or waiver, that recovery of the alleged overpayment would begin if the request was not made within 30 days, and that annuitants would have the opportunity for a prerecoupment hearing if they requested it. The regulations further provided that certain classes of annuitants were not to be notified. 20 C.F.R. §§ 260.1, 260.2 (1979).

On June 20, 1979, the Supreme Court issued its decision in *Yamasaki*, holding on statutory grounds, that a request for waiver, but not a request for reconsideration, required an oral hearing prior to the beginning of recoupment of social security overpayments. 442 U.S. at 695–97, 99 S.Ct. at 2554–55. In accordance with the *Yamasaki* decision, the board adopted revised regulations, effective October 15, 1979. These new regulations even went beyond the requirements of *Yamasaki* by providing for prerecoupment oral hearing when requests for entitlement reconsideration were made. All parties agree that these new regulations fully comply prospectively with the requirements set forth by the Supreme Court in *Califano v. Yamasaki, supra,* and with the requirements of due process.

The board has also stated that persons who were subject to recoupment prior to the effective date of the new regulations could request an oral hearing. Notice of this right to a hearing, however, would not be given. The district court, on October 15, 1980, refused to order retroactive notice of the new procedures to the proposed class and, accordingly, granted summary judgment for defendant. Plaintiff appeals.

II

The dispute between the parties now is whether those notified of their rights, but not that they could assert them in oral hearings, should now get a new notice embodying the latter, and whether those subjected to recoupment at an earlier date, without any notice of rights should now receive it. The court is asked to decide whether retroactive notice of procedural rights, to request reconsideration and waiver, is required to be given to those individuals whose annuities are currently subject to recoupment, and who have not yet received full notice of the procedural rights now guaranteed by the board. Because the board's new regulations provide, retroactively, for the convening of a hearing when an annuitant who is currently having his or her annuity reduced due to an overpayment

of benefits so requests, this court is not faced with the issue of determining whether a hearing is, in itself, required by either the Act or the Constitution. Appellants merely urge this court to order the board to give retroactive notice to the proposed class of their procedural rights as established by the board's new regulations. At the moment, the board's regulations only provide for prospective notice.

The district court in refusing to order retroactive notice to members of the proposed class purported to adopt the analysis of the California District Court in *Shannon v. United States Civil Service Commission*, 444 F.Supp. 354 (N.D.Cal.1977), *modified*, 621 F.2d 1030 (9th Cir. 1980). The court below opined that to require retroactive notice to the proposed class as demanded would be too burdensome to the board. We disagree.

█ Although we are not bound by the holding in *Shannon*, we find its analysis on the issue of requiring retroactive notice to annuitants persuasive. In *Shannon*, the court conducted a balancing test involving four criteria before arriving at a result that would compel the government to give retroactive notice. These four criteria were (1) the best interests of annuitants; (2) the fairness of retroactive relief; (3) the burden on the government; and (4) the deprivation suffered by annuitants recouped wrongfully in the past. 444 F.Supp. at 368.

In adopting and then, applying these criteria, the court below gave undue weight to the burden that would be imposed upon the government if retroactive notice were required. To be sure, the board will undoubtedly suffer both cost and trouble if retroactive notice were required. Appellants estimate that since the institution of this suit, recoupment was begun against approximately 60,000 annuitants without the full notice now required. The district court was obviously concerned with the monetary and administrative burden the board would incur in notifying these annuitants. It is said the search for those aggrieved would have to begin by ascertaining via computer the names of all those to whom annuity pay-ments were reduced, whatever the reason. Appellees maintain that the cost to retrieve the annuitants names on the computer would be in the vicinity of $18,000. Appellees, however, informed us at oral argument that not all annuitants are on the computer tapes and, therefore, manual retrieval of these annuitants would be required. Nor should we ignore the time required to give hearings upon request by these annuitants or the amount of funds whose collection would be temporarily halted pending the conclusion of the requested hearing. This burden, however, cannot outweigh the harm and deprivation suffered by an annuitant who has been wrongfully recouped in the past. Appellants, in the instant case, have been and are continuing to be subjected to a significant loss of income without any real opportunity to contest their loss. For many, a small reduction in their monthly annuities mandates that they seek monetary assistance elsewhere, possibly on the welfare rolls. As the district court in *Shannon* noted, "the loss occasioned by recoupment should not be minimized. The deprivation of a significant portion of fixed income can be a substantial loss indeed. Retired individuals living on fixed income frequently can ill afford even a moderate temporary decrease in their disposable income." *Id.* at 363. *See also Gray Panthers v. Schweiker*, 652 F.2d 146 (D.C.Cir.1981).

Moreover, appellants and other annuitants who have been subject to recoupment since this suit began have continued to have their monthly annuities reduced during the pendency of this case, and this situation will continue unless relief is granted. The agency would be unjustly enriched and the injustice is enhanced by the extent that the period in which the wrongful action was originally taken continued after the agency, by the filing of this suit, was on notice that the propriety of its procedures was under challenge. We believe the district court erred in not taking steps to prevent this from happening, supposing that the delay in adjudicating the suit was of itself warranted. Obviously, it is in these annuitants best interest to have notice of their right to

waiver and reconsideration communicated to them.

## III

It is important to note that in *Yamasaki, supra,* the Supreme Court held that a prerecoupment oral hearing on waiver was necessary under the statute, but on entitlement it was not. Therefore, it is arguable that whatever notice is now sent to annuitants should notify them they can have an oral hearing if they wish to request a waiver, but not if they claim the agency was not entitled to effect the recoupment. Such a notice might state the law accurately, that is, if the notice had been given when it should have been it might have said this. However, the class has now lost the right to a prerecoupment hearing on waiver and no human tribunal can give it back. The most that can be done is to grant a hearing postrecoupment, as to which the rights are not that different. The agency will not know when it sends the notice whether any addressee is one of those who might request a waiver, or one who might contest entitlement to recoup, or both. The regulations, prospectively, make no such distinction. In the circumstances we think the agency cannot complain it is treated inequitably if the notice deals with both possibilities alike and provides similar relief. Any attempt to draw a distinction would probably be confusing to addressees without legal training and would now be futile.

## IV

■ In ordering the district court to certify the proposed class under Fed.R.Civ.P. 23, we do not intend the class to be without limits. We think the error below was palpable only so far as it failed to preserve the status quo while the litigation was pending. We recognize the burden that our holding will place upon the board, and, accordingly, we propose that the class to be notified should encompass, besides the named plaintiffs in this consolidated case, no annuitants whose recoupments commenced prior to the institution of this suit. However, we see no reason to exclude from the class those annuitants whose recoupments commenced after institution of this suit but from whom recoupment is now complete. These annuitants who have suffered full recoupment and have a claim for refund which is not time-barred should be notified of their right to an oral hearing and/or other appeal procedures.

## V

In summary, the cause is remanded to the district court, which is directed to certify the class as defined above and require the board to notify all of its members of their right to request an oral hearing if they contend that for any reason they did not receive overpayments or, if they did, that they are entitled to waiver of recoupment. The district court will settle the timing and language of the notice and, subject to its opinion, to whom it is to be addressed. The district court may adopt a *de minimis* exclusion for petty recoveries.

*Reversed and Remanded.*

GINSBURG, Circuit Judge, dissenting in part:

I agree that the district court erred in refusing to order *any* retroactive notice, but believe this court's majority errs in the opposite direction. I would define less lavishly the class entitled to retroactive notice.

As the majority correctly notes, the dispute before us centers on two classes of annuitants: (1) those subjected to recoupment without receiving any notice of their rights to challenge the asserted overpayment or to request a waiver of recovery; and (2) those notified of these rights, but not furnished an oral hearing prior to the time recovery commenced. *See* Majority opinion at 974–975. Even at this late date retroactive notice may yield relief for individuals in the first of these groups.[1] Al-

---

1. This group consists of (1) annuitants who received their overpayment recoupment notice prior to April 5, 1978, at which time BRC Policy Decision No. 13 was fully implemented, *see* Maj. op. at 974; and (2) annuitants excluded from notification under the board's final regula-

leged overpayment to annuitants in the first described category has been and, in many cases, continues to be recovered from them in the absence of any notification of these annuitants' rights to question whether they were in fact overpaid or to seek a waiver of recoupment. Retroactive notice to this group, fully informing its members of actions they may now take to terminate recoupment and to recover amounts already recouped, is clearly warranted.

However, as to the second group—annuitants notified they could contest an overpayment allegation or request a waiver, but not provided with the opportunity for a pre-recoupment oral hearing [2]—further notice at this juncture is a costly but ineffectual gesture. Such notice may confound or breed false hope, it cannot genuinely aid the recipients. As the majority recognizes, this group has "lost the right to a pre-recoupment hearing on waiver and no human tribunal can give it back." Maj. op. at 976. But annuitants in the second group were notified that they had the right to contest the existence of an overpayment

and/or to seek a waiver of recovery. Moreover, any annuitant in this category who pursued either or both these alternatives would have been accorded the opportunity to participate in an administrative oral hearing. See 20 C.F.R. § 260.2 (1978); 20 C.F.R. § 260.2(e) (1977). It is true that this oral hearing may not have been scheduled until after recoupment began. However unfortunate that may be, no current cure is available. Notifying these annuitants now that they had the right to a pre-recoupment oral hearing is therefore a futile act to which I can not subscribe. See *DeFunis v. Odegaard*, 416 U.S. 312, 316–17, 94 S.Ct. 1704, 1705–06, 40 L.Ed.2d 164 (1974); *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971).

tions, see Maj. op. at 974, because their alleged overpayment resulted from simultaneous entitlement to benefits under the Social Security Act and recovery from them might be effected by reducing an accrued retroactive payment due them. *See* 20 C.F.R. § 260.1(d)(2) (1979), 43 Fed.Reg. 56891 (1979).

2. Indeed, the overbreadth of the majority's direction extends further. It appears that the majority has ordered retroactive notice encompassing many annuitants who were in fact accorded the right to an oral hearing *prior* to the time recovery began. *See* 20 C.F.R. § 260.2(a) (1978), 43 Fed.Reg. 56891 (1978).