Alberta E. BURNS, on behalf of herself and all others similarly situated, Petitioner,

v.

**UNITED STATES RAILROAD RETIREMENT BOARD.**

No. 81–2293.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 24, 1982.

Decided Feb. 25, 1983.

Gil Deford, Los Angeles, Cal., for petitioner.

Thomas W. Sadler, Gen. Atty., Railroad Retirement Bd., Chicago, Ill., with whom Dale G. Zimmerman, Gen. Counsel, and Edward S. Hintzke, Asst. Gen. Counsel, Railroad Retirement Bd., Chicago, Ill., were on the brief, for respondent.

Before MacKINNON and GINSBURG, Circuit Judges, and BAZELON, Senior Circuit Judge.

Opinion for the Court filed by Circuit Judge GINSBURG.

GINSBURG, Circuit Judge:

█ Petitioner Burns seeks to proceed on behalf of a class in this challenge to a Railroad Retirement Board ("Board") decision. She would represent

[a]ll persons who are receiving or who will receive both Social Security benefits and Railroad Retirement benefits and who have been or will be denied the right to retain 50% of their excess earnings pursuant to the actions of the Social Security Administration and the Railroad Retirement Board.

Motion of Petitioner for an Order Certifying the Class at 1, filed February 12, 1982.[1] Petitioner concedes the novelty of

---

1. The motion was made some two months after the petition for review was filed. *Cf.* D.D.C. Local Rule 1–13(b) (plaintiff shall move for

this application. She has not identified, nor have we found, any federal or state precedent for inauguration of a class proceeding in an appellate forum. The Board has moved to dismiss the class element of the petition. Institutional impediments to the certification and supervision of a class proceeding by a court of appeals compel us to grant the Board's motion.[2]

■ Petitioner claims that the relevant statutes[3] should be interpreted to allow recipients of benefits separately administered by the Social Security Administration and the Railroad Retirement Board to retain fifty percent of their excess employment earnings. She asserts a conflict with the Constitution's equal protection principle if those statutes are read to require a one hundred percent offset of excess earnings. Her complaint might well have been considered appropriate for class adjudication had judicial review properly commenced in a court of first instance. *See Califano v. Yamasaki,* 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979) (challenge to Social Security Administration overpayment recoupment practices may proceed in district court as a nationwide class action); *Pope v. Railroad Retirement Board,* 672 F.2d 972 (D.C. Cir.1982) (similar nationwide class challenge to Railroad Retirement Board overpayment

recoupment practices). *See also, e.g., Liberty Alliance of the Blind v. Califano,* 568 F.2d 333, 344–47 (3d Cir.1977) (SSI benefits); *Jimenez v. Weinberger,* 523 F.2d 689, 694–97 (7th Cir.1975), *cert. denied sub nom. Mathews v. Jimenez,* 427 U.S. 912, 96 S.Ct. 3200, 49 L.Ed.2d 1204 (1976) (Social Security benefits); *Westcott v. Califano,* 460 F.Supp. 737, 743–46 (D.Mass.1978), *aff'd,* 443 U.S. 76, 99 S.Ct. 2655, 61 L.Ed.2d 382 (1979) (AFDC benefits—class for which certification sought and granted limited to Massachusetts residents).[4] *But see Denberg v. United States Railroad Retirement Board,* 696 F.2d 1193 (7th Cir.1983) (2–1 decision) (district court lacks subject matter competence over Railroad Retirement Act claims; court of appeals is exclusive forum for judicial review of such claims).

In contrast, petitioner's alternate claim is not of a class character. She maintains that even if the one hundred percent offset is authorized by statute and is compatible with the Constitution, recovery of the overpayment should be waived in this instance, based on circumstances particular to her individual situation. A district court empowered to entertain a case such as this one, accordingly, might designate a class with respect to the statutory interpretation and constitutional issues "common to the

certification within 90 days after filing the complaint).

2. *Accord, Gebbie v. United States Railroad Retirement Bd.,* 631 F.2d 512, 516 n. 9 (7th Cir.1980) (appellate tribunal is "not an appropriate forum" for a class action).

3. 42 U.S.C. § 403(f) (Social Security benefits subject to reduction of $1 for each $2 of excess earnings), incorporated by reference in 45 U.S.C. § 231a(g)(2) (Railroad Retirement Act of 1974).

4. The Board argues that cases of this nature cannot proceed as class actions because "[t]he judicial review provisions of the Railroad Retirement Act contemplate a case-by-case determination of appeals of Board decisions," and because one circuit *"does not have the power* to determine the law in other circuits." Memorandum in Support of Respondent's Motion to Dismiss at 3, 4 (emphasis supplied). We cannot entertain these broad contentions that class proceedings by social insurance or public assistance benefit recipients are proscribed. In

*Califano v. Yamasaki, supra,* the Supreme Court considered and rejected identical argument. The High Court held that "[t]he fact that [a] statute ... contemplates case-by-case adjudication" does not preclude class relief as to "questions of law applicable in the same manner to each member of the class." 442 U.S. at 700, 701, 99 S.Ct. at 2557. With respect to certification of a nationwide class, which the Court upheld in Yamasaki, the opinion instructs:

[N]ationwide class actions may have a detrimental effect by foreclosing adjudication by a number of different courts .... It often will be preferable to allow several courts to pass on a given class claim in order to gain the benefit of adjudication by different courts in different factual contexts. For this reason, a federal court when asked to certify a nationwide class should take care to ensure that nationwide relief is indeed appropriate .... But we decline to adopt the extreme position that such a class may never be certified. 442 U.S. at 702–03, 99 S.Ct. at 2558.

class as a whole,"[5] and reserve the waiver claim for individual adjudication in the event that the class claims failed.

Congress did not have in mind a design to preclude class actions when it provided for direct review in courts of appeals of decisions under the Railroad Retirement Act. Prior to 1946, first instance judicial review of administrative decisions under that Act, like first instance judicial review of administrative decisions under the Social Security Act then and now,[6] occurred in district courts. But judicial review of decisions under the Railroad Unemployment Insurance Act, 45 U.S.C. § 351 et seq., occurred from the start in courts of appeals. Congress recognized that, frequently, the same issue required adjudication under both Railroad Acts. In the interest of economy and uniformity, Congress wished to assure that a case involving both Railroad Acts would be resolved "in a single consolidated proceeding with a single court review." S.Rep. No. 1710, part 2, 79th Cong., 2d Sess. 21 (1946), U.S.Code Cong.Serv. 1946, p. 1316. Congress understood that the "scope of review" under the two Railroad Acts was "substantially the same"; it selected the Unemployment Insurance Act scheme to govern court review under both Railroad Acts because the procedure set out in the Unemployment Insurance Act was "more definite and specific." Id. at 20.[7]

Had Congress selected the Railroad Retirement Act pre-1946 judicial review route for both Railroad Acts, uniformity would have been complete. Combined claims under both Railroad Acts would have been heard in district courts, and the less frequent instance of a combined Social Security Act and Railroad Act claim would have been referred to district courts as well. The class action question before us, then, would have been presented to a forum equipped to administer class proceedings. But our court of review is not situated, as is a district court, to supervise class actions.

We do not rule against petitioner on class action certification simply because the Federal Rules of Appellate Procedure and our Local Rules contain no provision analogous to the rule governing class actions in district courts, Rule 23 of the Federal Rules of Civil Procedure. See Fed.R.App.P. 47 (in cases not provided for by rule, courts of appeals may regulate their practice in any manner not inconsistent with legislation and appellate rules).[8] Rather, we decline to fashion a class action vehicle because our appellate mode of proceeding is not compatible with designation and management of a class. We hear cases in three-judge panels and generally schedule a single argument session. Our province is the law; we do not hold hearings to explore fact questions. Class action certification, however, entails continuing court activity, and multiple decisions, some of them fact-based.

Initially, precise delineation of a class may require discovery or other preliminary procedures.[9] The original definition and

**5.** *Califano v. Yamasaki, supra,* 442 U.S. at 701, 99 S.Ct. at 2557. The 100% offset at issue here has been challenged in a complaint filed as a class action in a district court. *Linquist v. Schweiker,* No. 80–0698–CV–W–9 (W.D.Mo. filed July 31, 1980). Petitioner Burns has intervened in *Linquist.* Plaintiff's motion to certify the class and defendants' motions to dismiss await decision. *See infra* note 11. On December 30, 1982, proceedings in *Linquist* were stayed pending our disposition of the *Burns* petition.

**6.** 42 U.S.C. § 405(g).

**7.** *See* 45 U.S.C. § 231g (Railroad Retirement Act), incorporating 45 U.S.C. § 355(f) (Railroad Unemployment Insurance Act).

**8.** *See also UAW Local 283 v. Scofield,* 382 U.S. 205, 86 S.Ct. 373, 15 L.Ed.2d 272 (1965) (intervention in court of appeals by prevailing party before NLRB permitted despite absence of a statutory provision or, at that time, uniform federal appellate rule authorizing intervention). *Cf.* Wald, Making "Informed" Decisions on the District of Columbia Circuit, 50 Geo.Wash.L. Rev. 135, 153–54 (1982) (courts of appeals should adopt procedures allowing record information exchanges between judges and parties in administrative cases).

**9.** In this very matter, discovery relevant to class action certification has been pursued in the *Linquist* action. *See supra* note 5. The parties disagree on the appropriate class description. The Board, while vigorously contesting class certification, suggests that, in any

certification, which should occur "as soon as practicable," may require alteration or amendment as the case unfolds. *See* Fed.R. Civ.P. 23(c)(1). Moreover, even when notice to class members is not mandatory, notice may be shaped and ordered when appropriate, *see* Fed.R.Civ.P. 23(d), as it would be in a case of this character should petitioner prevail on the merits of a class claim. *See Pope v. Railroad Retirement Board, supra,* 672 F.2d at 976 (holding district court should certify proposed Fed.R.Civ.P. 23(b)(2) class, require notice to class members of their rights, settle addressees, timing, and language of notice, and consider *de minimis* exclusion for petty recoveries). Without significant change in our mode of proceeding, change of the kind that should be made, if at all, only after careful study by the full court, and perhaps only if adopted for all courts of appeals, we cannot en-

gage in the close and continuing direction and supervision a motion for class action certification invites.[10]

We express no view, because the parties have not thoroughly briefed and argued the point, whether resort might have been had to a district court in this very case.[11] We note, however, a conflict in court of appeals opinions on this question. *Compare Denberg v. United States Railroad Retirement Board, supra* (Railroad Retirement Act claimant must go from Board to court of appeals and may not proceed in district court), *with Finnerty v. Cowen,* 508 F.2d 979 (2d Cir.1974) (Railroad Retirement Act annuitant who challenges, as does petitioner here, "double deduction" of excess earnings may proceed in district court).[12] A panel of this court, without discussion, assumed district court subject matter competence over a complaint concerning the notice due Rail-

event, the class petitioner describes is "clearly too large." According to the Board, even if certification were authorized, the class should be limited to survivor annuitants who, at the time the petition for review was filed, were challenging the double offset or, had they attempted to do so, would not have encountered a time bar. Brief of Respondent at 37–38. The Board's class description contentions are not ill-founded. *Compare Weinberger v. Salfi,* 422 U.S. 749, 764, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522 (1975), *with Califano v. Yamasaki, supra,* 442 U.S. at 704, 99 S.Ct. at 2559.

**10.** Petitioner suggested at argument that we appoint a special master to hear and initially decide class definition and management questions. Reference to a master is rare in courts of appeals; even in district courts, it is "the exception and not the rule." Fed.R.Civ.P. 53(b). We have appointed a master, in a case of necessity, in which evidence taking and fact findings were required to determine whether an employer's conduct placed him in contempt of this court. *Oil, Chem. & Atomic Workers Int'l Union v. NLRB,* 547 F.2d 575 (D.C.Cir.1976), *cert. denied sub nom. Angle v. NLRB,* 431 U.S. 966, 97 S.Ct. 2923, 53 L.Ed.2d 1062 (1977).

**11.** That issue is *sub judice* in *Linquist, supra* note 5. Recoupment against the *Linquist* plaintiff and petitioner Burns occurred in opposite order. The Board acted first to seek 50% recoupment from the *Linquist* plaintiff, the Social Security Administration came second. Petitioner Burns was contacted first by the Social Security Administration and, two years later, by the Board. Both women accepted the first offset, but contested the second. Based on the

different recoupment order in the two cases, the defendants in *Linquist* apparently contest district court subject matter jurisdiction in toto with respect to Burns. Regarding plaintiff Linquist, subject matter jurisdiction is resisted by the Board, but is apparently conceded, under 42 U.S.C. § 405(g), as to the Social Security Administration's decision. It seems certain that in attempting to rationalize judicial review under the two Railroad Acts, *see supra* text accompanying notes 6–7, Congress did not intend to create a procedural conundrum of this kind.

**12.** While upholding district court subject matter jurisdiction under 28 U.S.C. § 1337, the Second Circuit in *Finnerty* declined to upset the district court's refusal to designate a class. 508 F.2d at 986 n. 20. The court supposed that, "as a practical matter," a declaratory judgment would "protect the members of plaintiff's alleged class," so that an official class action stamp was unnecessary. *But see Frock v. United States Railroad Retirement Bd.,* 685 F.2d 1041 (7th Cir.1982). Further, in contrast to petitioner Burns's specific assertions concerning the need for a class action, the complaint in *Finnerty* made only "very general allegations." 508 F.2d at 986 n. 20. Finally, prior to the Supreme Court's decision in *Califano v. Yamasaki, supra,* uncertainty existed as to the propriety of certifying a class and granting injunctive relief in social benefit cases of this genre. *Compare Weinberger v. Salfi, supra,* 422 U.S. at 763 n. 8, 95 S.Ct. at 2466 n. 8, *with Califano v. Yamasaki, supra,* 442 U.S. at 698–706, 99 S.Ct. at 2556–2560.

road Retirement annuitants alleged to have received overpayments; the panel directed the district court to certify a class as defined in the panel's opinion. *Pope v. Railroad Retirement Board, supra.*

In sum, while we appreciate the irony petitioner highlights—a congressional measure directed to rationalizing procedure under the Railroad Acts has created an anomaly for the claimant whose case arises under a Social Security Act provision and a Railroad Retirement Act incorporation of that provision—we are not equipped to devise and implement a class action framework for her case. Therefore we deny the motion for an order certifying the class, and grant the motion to dismiss the class element of the petition.[13]

*Motion to dismiss class element of petition granted.*

**13.** Our decision on the merits of petitioner Burns's case appears in a companion opinion issued today.